Work Clothing Corporation v. Commissioner.
Work Clothing Corp. v. Commissioner
Docket No. 13062.
United States Tax Court
1949 Tax Ct. Memo LEXIS 182; 8 T.C.M. (CCH) 506; T.C.M. (RIA) 49126; May 19, 1949
*182 W. E. Norvell, Jr., Esq., 706 Commerce-Union Bank Bldg., Nashville, Tenn., for the petitioner. Edward L. Potter, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $226.29 in income tax for the fiscal year ended October 31, 1942. The petitioner has assigned as error the action of the Commissioner in failing to allow a deduction of basis less salvage for loss on account of the demolition of some buildings, in failing to allow depreciation on buildings at the rate of 4 per cent instead of 3 per cent, and in failing to allow a deduction for the expense of painting and repairing buildings. Findings of Fact The petitioner is a corporation organized under the laws of Tennessee on November 14, 1941. Its return for the taxable year was filed with the collector of internal revenue for the district of Tennessee. The original name of the petitioner was "Public Square Arcade Market." It was authorized in its charter to buy and sell, rent, mortgage, and operate real estate. Its name was changed on June 10, 1943 to Work Clothing Corporation and its charter was enlarged to permit it to deal in goods. The *183 petitioner was organized to acquire, and it did acquire on or about November 20, 1941, property formerly used as a street railway transfer station. The property was improved with several old brick buildings and a long, high shed-like structure. The intention of the petitioner at the time it acquired the property was to convert it into a public market. The useful life of the improvements at the date of acquisition by the petitioner was twenty-five years. The petitioner had no intention at that time of demolishing any of the buildings. The petitioner employed an architect in December 1941 to draw up plans for converting the existing structures on the property into a public market with offices, stalls for occupancy by merchants, and aisles for the use of customers. A set of plans was drawn but the conclusion was reached that the stalls were too large and that they would have to be reduced in size so that more stalls could be rented in order to permit the property to be operated profitably. The petitioner's representative, after further discussion with the architect, began in January 1942 to doubt the feasibility of converting the property to a public market without demolition. He *184 then tried unsuccessfully to rent the property to a government agency. He was at a loss for a while to know what to do with the property in order to save the investment in it. He began, in the early part of 1942, to consider the possibility of demolishing some of the buildings and turning a part of the property into a parking lot. A contract to demolish the buildings was let on April 2, 1942, and the decision to demolish the buildings and turn a part of the property into a parking lot was reached shortly before that date. The demolition was completed in June 1942. The petitioner paid $75,000 for the property. A fair allocation of the cost between land and buildings at the time of purchase would be $50,000 to the land and $25,000 to the buildings, of which $5,000 would represent a fair allocation to the buildings which were demolished. Salvage in the amount of $1,690.85 was realized from the demolition of the buildings. The petitioner, on its return for the taxable year, reported a loss of $3,101.10. The Commissioner added to income $4,113.70 as a result of four adjustments and thereby determined that net income amounted to $1,012.60. One of the adjustments which he made was to *185 add to income $2,876.23 which had been deducted on the return based upon the demolition of the buildings. The adjusted basis for gain or loss on the buildings at the time they were demolished was $4,933.34. The petitioner, during the taxable year, sustained a deductible loss of $3,242.49. The stipulation of facts is incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner claims that it sustained a loss in the amount of $3,192.48 in the taxable year on account of the demolition of the buildings, which loss is deductible for income tax purposes. It would reduce the cost of the demolished buildings by depreciation up to the date when demolition was completed at an annual rate of 4 per cent. The Commissioner concedes that depreciation should be allowed on all of the buildings at an annual rate of 3 per cent. The petitioner no longer used in its business the buildings to be demolished after it began to demolish them and, therefore, depreciation on those buildings should stop at that time rather than at the time the demolition was completed. The Commissioner argues that the demolition of the buildings was contemplated at the time the property was purchased, *186 and, therefore, no loss should be allowed, but the part of the cost allocable to the demolished buildings should still be regarded as cost of the property which the petitioner purchased. The respondent concedes that a deduction for loss upon demolition of the buildings would be proper in some amount if there was no intention to demolish the buildings at the time the property was acquired and if the intention to demolish came later because of some change in plans. In other words, the parties are not in disagreement as to the applicable principles of law. The record clearly shows that the property was bought by the petitioner for the purpose of converting it into a public market; the petitioner at that time had no intention of demolishing any of the buildings; efforts were made to follow out the original purpose; it was later found that the original plans were not feasible; and the petitioner was required to change its plans and adapt the property to another purpose which required demolition of some of the buildings. It follows that the petitioner is entitled to deduct the cost of the buildings, less depreciation up to the time when demolition was begun and less salvage. The amount *187 of salvage has been stipulated. The evidence shows that $5,000 of the total cost should be regarded as the cost of the buildings demolished. Those buildings were old. The Commissioner allowed depreciation at the rate of 3 per cent. The petitioner claimed depreciation at the rate of 4 per cent. The record shows that the probable useful life of the buildings from the date of acquisition by the petitioner was not more than 25 years. Depreciation should be allowed at the rate of 4 per cent. The petitioner makes some contention in regard to deductions for painting and repairs, but the record is too vague on this point to justify any definite findings of fact. Decision of no deficiency will be entered.